

1  JEFFREY A. MOSS. ESQ. SBN #108034
   LAW OFFICES OF JEFFREY A. MOSS
2  454 Las Gallinas Ave., #310
   San Rafael, Ca 94903
3  Tel: (415) 456-2566
   Fax: (415) 472-6677
4  mossesq@comcast.net

5  Attorney for Plaintiff ELECTRONIC INNOVATIONS, INC.

6

7           IN THE UNITED STATES DISTRICT COURT

8       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| 9 UNITED STATES, For the Use and Benefit of ELECTRONIC INNOVATIONS, INC., a California Corporation, | CIVIL ACTION<br><br>FILE NO.  CV 08 1412 MEJ |
| Plaintiff, | WAIVERS OF SERVICE OF SUMMONS (FRCP Rule 4(D) 4) |
| v. | |
| DICK/MORGANTI/NIBBI, A JOINT VENTURE, DICK/MORGANTI, A JOINT VENTURE, DICK CORPORATION, MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CONTINENTAL CASUALTY COMPANY AND DOES 1 TO 25, INCLUSIVE, | |
| Defendants. | |

Attached hereto are the Waivers of Service of summons for the following Defendants:

Continental Casualty Company; National Union fire Insurance Company of Pittsburg, Pa.; American Casualty Company of Reading, Pa.; Morganti Group; Dick corporation; and Dick/Morganti, A Joint Venture.

Date: April 10, 2008              LAW OFFICE OF JEFFREY A. MOSS, ESQ.

                                  by: _____
                                       JEFFREY A. MOSS, ESQ.

                                        1
**COMPLAINT FOR ENFORCEMENT OF PAYMENT BOND, BREACH OF CONTRACT and QUANTUM MERUIT**

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Continental Casualty Company__, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __Electronic Innovations v. Dick/Morgati, et al__,
   (CAPTION OF ACTION)

which is case number __CV 08 1412 MEJ__ in the United States District Court
   (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __March 15, 2008__ ,
   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__April 8, 2008__          __/s/ Rick Grady__
   (DATE)                          (SIGNATURE)

Printed/Typed Name: __Rick W. Grady, Esq.__

As __Attorney__ of __Continental Casualty Company__
   (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

[Clear Form]

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __National Union Fire Insurance Company Of Pittsburgh, Pa__ , acknowledge receipt of your request
         (DEFENDANT NAME)

that I waive service of summons in the action of __Electronic Innovations v. Dick/Morgati, et al__ ,
                                                              (CAPTION OF ACTION)

which is case number __CV 08 1412 MEJ__ in the United States District Court
                          (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                                  __March 15, 2008__ ,
                                                                       (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__April 8, 2008__                              __[signature]__
   (DATE)                                         (SIGNATURE)

                              Printed/Typed Name: __Rick W. Grady, Esq.__

                              As __Attorney__ of __National Union Fire Insurance Co__
                                    (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __American Casualty Company Of Reading, Pa.__, acknowledge receipt of your request
  (DEFENDANT NAME)

that I waive service of summons in the action of __Electronic Innovations v. Dick/Morgati, et al__,
  (CAPTION OF ACTION)

which is case number __CV 08 1412 MEJ__ in the United States District Court
  (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __March 15, 2008__,
  (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__April 8, 2008__        __Rick Grady__
(DATE)                    (SIGNATURE)

Printed/Typed Name: __Rick W. Grady, Esq.__

As __Attorney__ of __American Casualty Company Of__
   (TITLE)            (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Morganti Group__, acknowledge receipt of your request
    (DEFENDANT NAME)

that I waive service of summons in the action of __Electronic Innovations v. Dick/Morgati, et al__,
                                                  (CAPTION OF ACTION)

which is case number __CV 08 1412 MEJ__ in the United States District Court
                        (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after                                __March 15, 2008__,
                                                                                                           (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__April 8, 2008__                        __[signature]__
    (DATE)                                  (SIGNATURE)

Printed/Typed Name: __Rick W. Grady, Esq.__

As __Attorney__ of __Morganti Group__
        (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Dick Corporation__ , acknowledge receipt of your request
 (DEFENDANT NAME)

that I waive service of summons in the action of __Electronic Innovations v. Dick/Morgati, et al__ ,
(CAPTION OF ACTION)

which is case number __CV 08 1412 MEJ__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                                 __March 15, 2008__ ,
                                                                     (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__April 8, 2008__                                      __[signature]__
(DATE)                                                  (SIGNATURE)

Printed/Typed Name: __Rick W. Grady, Esq.__

As __Attorney__ of __Dick Corporation__
    (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

&AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __DICK/MORGANTI, A JOINT VENTURE__, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __Electronic Innovations v. Dick/Morgati, et al__,
                                                              (CAPTION OF ACTION)

which is case number __CV 08 1412 MEJ__ in the United States District Court
                          (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after                                                     March 15, 2008           ,
                                                                                                                       (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__April 8, 2008__                                 __[signature]__
     (DATE)                                        (SIGNATURE)

                        Printed/Typed Name: __Rick W. Grady, Esq.__

                  As __Attorney__ of __Dick/Morganti, A Joint Venture__
                       (TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# PROOF OF SERVICE

I, JEFFREY A. MOSS, declare and state that I am over eighteen (18) years of age, employed in the City of San Rafael, County of Marin, California, and not a party to this action. My business address is 454 Las Gallinas Avenue, #310, San Rafael, Ca 94903.

On the date set forth below, I served the foregoing document(s) described as:

**WAIVERS OF SERVICE OF SUMMONS**
**(FRCP Rule 4(D) 4)**

addressed to the parties as follows:

Rick W. Grady, Esq.
Peckar & Abramson, P.C.
250 Montgomery Street, 16th floor
San Francisco, Ca 94104

[ ] **PERSONAL SERVICE:** I caused such envelope(s) to be hand-delivered by an authorized attorney messenger service, this date to the offices of the addressee(s) or the person in charge of the office during regular business hours.

[x] **BY MAIL:** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United State Mail in San Rafael, California.

[ ] **BY EXPRESS MAIL:** I caused such envelope(s) with postage thereon fully prepaid to be placed in Express Mail for overnight delivery in San Rafael, California. I am readily familiar with the office's normal business practice for collection and processing of correspondence and other material for mailing with the United States Postal Service, and that practice is that said materials is deposited with the Untied States Postal Service the same day as the day of collection in the ordinary course of business.

[ ] **BY FACSIMILE TRANSMISSION:** By use of a facsimile machine telephone number  (510) 433-2699, I served a copy of the within document on the above party at the facsimile number indicated above, at the time(s) set out on the attached transmission report(s). Each such transmission was reported as complete and without error, and the attached transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 10, 2008

_____
JEFFREY A. MOSS

1